UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ZSA ZSA COUNCIL,

                      Petitioner,

    v.

UNITED STATES OF AMERICA.

Criminal Action No. 3:09–CR–378
Civil Action No. 3:11–CV–377

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Zsa Zsa Council's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion")(ECF No. 72). Petitioner also seeks an evidentiary hearing regarding her petition for relief. In her § 2255 Motion, Petitioner seeks collateral review of her sentence of 121 months' imprisonment for Maintaining a Drug-Involved Premises following her plea of guilty. For the reasons stated below, the Court DENIES Petitioner's motions.

### I. FACTUAL AND PROCEDURAL HISTORY

On November 3, 2009, Petitioner was charged in a four-count indictment as follows: Conspiracy to Distribute and Possess with the Intent to Distribute 500 Grams or More of Cocaine Hydrochloride (Count One); Possession with Intent to Distribute 500 Grams or More of Cocaine Hydrochloride and Aiding and Abetting (Count Two); Maintaining Drug-involved Premises (Count Three); and Possession of Firearms in Furtherance of a Drug Trafficking Crime and Aiding and Abetting (Count Four). Petitioner was charged in a Superseding Indictment on December 14, 2009 which amended Count One of the prior indictment to expand the time period of the conspiracy from 2008 to 2005 and to increase

the quantity of drugs from 500 grams to 5 kilograms of cocaine hydrochloride. All of the remaining charges were unchanged by the Superseding Indictment.

The charges stem from the execution of a search warrant by law enforcement on April 21, 2009 of the Richmond, Virginia home that Petitioner shared with her co-defendant Denard Carrington. In the course of this search, police recovered the following items from Petitioner's bedroom: one (1) kilogram of cocaine hydrochloride, three (3) digital scales with residue, drug packaging materials, and a Glock Model 31, .357 caliber pistol. The police further found $30,000 in U.S. currency between Petitioner's mattresses. The police also found a Mac 10 machine gun, SKS assault rifle, money counter, and a safe in Petitioner's bedroom closet, which contained an additional $25,500 in U.S. currency.

Petitioner filed a Motion to Compel Production of Discovery and Motion for Evidentiary Hearing on December 22, 2009. Petitioner was arraigned on the Superseding Indictment on January 4, 2010, at which time the Court denied Petitioner's request for an evidentiary hearing from the bench.[1] The Court denied Petitioner's Motion to Compel Discovery on January 11, 2010.

Petitioner's jury trial, scheduled for February 23, 2010, was canceled on February 8, 2010 following her election to plead guilty. Petitioner pled guilty before Magistrate Judge M. Hannah Lauck on February 12, 2010 to Maintaining a Drug-involved Premises under Count Three. The Court adopted Judge Lauck's Report and Recommendations on March 2, 2010. Petitioner filed objections to the Probation Officer's Presentence Investigation Report (PSR) on April 23 and April 29, 2010. On June 3, 2010, Petitioner filed a Motion to Compel the appearance and testimony of government witnesses at the upcoming

---

[1] The Court issued an order denying this Motion on January 15, 2010 (ECF No. 17.)

sentencing hearing. The Court denied this Motion on June 4, 2010.

On June 9, 2010, the Court sentenced Petitioner to 121 months' imprisonment on Count Three and dismissed the remaining counts following a motion by the Government. Petitioner filed a Motion for Reconsideration, a Motion for Order Requiring Participation in the Bureau of Prisons' (BOP) 500-Hour Drug Treatment Program (hereinafter "BOP Motion"), and a Notice of Appeal on June 22, 2010. The Court denied Petitioner's Motion for Reconsideration on July 13, 2010 and denied Petitioner's BOP Motion on August 16, 2010. Pursuant to the Government's unopposed motion to dismiss, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal on February 4, 2011.

On June 9, 2011, Petitioner filed a § 2255 Motion challenging her sentence based on the following nine (9) grounds for relief:

> Claim One: Counsel violated Petitioner's right to effective assistance of counsel by filing seven (7) motions without including separate memoranda of law as required by Virginia local rule 12.
>
> Claim Two: Counsel violated Petitioner's right to effective assistance of counsel by filing three (3) motions which relied on scant or inapplicable case law and procedural rules.
>
> Claim Three: Counsel violated Petitioner's right to effective assistance of counsel by failing to request Petitioner's participation in the BOP Drug Treatment Program prior to sentencing or filing the appeal.
>
> Claim Four: Counsel violated Petitioner's right to effective assistance of counsel during the plea phase by stipulating to the firearms found during the search of Petitioner's home and not limiting the quantity of drugs to be included in PSR calculations.
>
> Claim Five: Counsel violated Petitioner's right to effective assistance of counsel by being absent from the PSR interview conducted by the Probation Officer.
>
> Claim Six: Counsel violated Petitioner's right to effective assistance of counsel by failing to notify the Probation Officer or the Court of

3

>                          Petitioner's objections to the PSR prior to the filing of the PSR.
>
> Claim Seven:   Counsel violated Petitioner's right to effective assistance of counsel by filing an objection to the PSR that was devoid of citations to any applicable case law.
>
> Claim Eight:   Counsel violated Petitioner's right to effective assistance of counsel by failing to advise Petitioner of her right to testify at sentencing.
>
> Claim Nine:    Counsel violated Petitioner's right to effective assistance of counsel during the plea phase by failing to properly calculate the applicable mandatory minimums or sentencing guidelines range.

On September 2, 2011, the Government responded to Petitioner's § 2255 Motion arguing that Petitioner has failed to satisfy her burden under *Strickland v. Washington*, 466 U.S. 668 (1984) for each of the ineffective assistance of counsel claims. Petitioner has not filed a reply brief further in support of her § 2255 Motion. This matter is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack her sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To establish a miscarriage of justice, the petitioner must show actual innocence by clear and convincing

4

evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed under *Strickland*, a petitioner must show both that: (1) her attorney's performance fell below an objective standard of reasonableness, and (2) she suffered actual prejudice. *Id.* There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

The *Strickland* test for ineffective assistance claims applies to petitioners who plead guilty, though such petitioners have a higher burden to meet. *See Hill v. Lockhart*, 474 U.S. 52, 53–59 (1985). When a petitioner challenges a conviction after a guilty plea, the "the

defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012) (quoting *Hill*, 474 U.S. at 59); *see Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000)).

### III. DISCUSSION

#### A. MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
##### 1. *Claims 1 and 2: Trial Counsel was Ineffective in Filing Motions which Relied on Scant or Inapplicable Law and Lacked Separate Memoranda of Law*

Petitioner's first two claims assert that her sentence must be vacated because several of the motions filed by trial counsel on her behalf were submitted without separate memoranda of law or citations to sufficient or applicable case law. Petitioner first argues that none of the motions filed by trial counsel complied with Local Rule 12 governing criminal cases, which provides that "[a]ll motions, unless otherwise directed by the Court, shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relied." E.D. Va. Loc. Cr. R. 12. Petitioner notes that the Court itself, in denying her Motion to Reconsider, pointed out that the Motion to Reconsider, "like many of the motions filed by Defendant's counsel, lacks an accompanying Memorandum." (ECF No. 62.)

Petitioner also argues that three of the motions either cited incorrect case law or rules or failed to cite any applicable law. By example, in denying the Motion to Compel Government Witnesses at the sentencing phase, the Court stated that Defendant "mistakes

6

the dusk for the dawn," in citing Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Supreme Court holdings in *Jencks*, *Giglio*, and *Brady*, which all apply to the Government's discovery obligations before and during trial. (ECF No. 45.) Further, in denying the Motion to Reconsider, the Court stated that "[t]he Motion is similarly long on argument and short on citations to applicable authorities." (ECF No. 62.) Third, in denying Petitioner's BOP Motion, the Court held that it lacks jurisdiction over the motion since Petitioner had already appealed to the Fourth Circuit and the motion made no mention of a request for relief pursuant to Federal Rule of Criminal Procedure 35(a). For these reasons, Petitioner argues that her trial counsel's "lack of understanding of the law, local rules, and Federal Rules of Criminal Procedure were so egregious that she could not have been functioning as the counsel guaranteed by the Sixth Amendment." (Pet'r's Mem. Supp. Mot. Pursuant to § 2255 ("§ 2255 Motion") 6.) Petitioner concludes that "[i]t is impossible to conclude that the outcome of the proceedings would *not* have been different in light of [trial counsel's] gross inadequacies." (§ 2255 Motion 7) (emphasis in original). The Government contends that none of the motions "had any chance of succeeding," and that "Petitioner has failed to demonstrate, or cite any law to support her claim that had her counsel attached a Memorandum of Law, the result of any particular Motion would have been different." (Govt.'s Response to § 2255 Motion 13.)

     Petitioner's first and second claims fail because Petitioner has not established that she was prejudiced by her attorney's failure to include separate memoranda of law citing the applicable law. From an examination of the record, it is beyond question that Petitioner's trial counsel failed to comply with the requirements of Local Rule 12. However, while the Motion to Compel Discovery and Motion for an Evidentiary Hearing were

7

submitted without accompanying memoranda, the Court considered the parties' oral arguments on both motions at the arraignment on the Superseding Indictment. (*See* Arraignment Tr., Jan. 4, 2010, ECF No. 14.) Thus, Petitioner had the opportunity to supplement the motions with oral argument before the Court resolved each motion.

The Motion to Compel Government Witnesses also lacked a memorandum in support, but this deficiency could not have prejudiced Petitioner because there simply was no support in the law for the motion.[2] Although Petitioner's counsel improperly cited authority that is relevant only to the trial phase, even if counsel had correctly cited Rule 32, which governs the sentencing phase, the argument would have failed because Rule 32 "does not grant Defendant the right to compel the Government to disclose the identities of confidential sources cited in investigative reports, nor does it grant this Court the authority to compel their presence." (Order, June 4, 2010, ECF No. 45.)

Trial counsel similarly failed to submit a separate, properly formatted memorandum citing the appropriate law to support the Motion for Reconsideration, but this failure did not prejudice Petitioner because the Court on its own carefully examined the relevant law and concluded that "the Court simply [did] not have any authority to entertain this Motion." (Order, July 13, 2010, ECF No. 62.)

Lastly, the record is clear that the Court denied Petitioner's BOP motion not because of trial counsel's failure to properly submit a memorandum in support or cite relevant law,

---

[2] Further, Petitioner's trial counsel argues that she was aware that the rules of evidence differ at sentencing, but made a strategic decision to submit this motion, irrespective of its merits, partly in order to present an argument on Petitioner's behalf as to why the Government should not prevail if the witnesses were absent. (Aff. of Pet'r's Counsel ¶ 53, ECF No. 77-1.) To successfully show that counsel performed deficiently, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations and citations omitted).

but because the Court simply lacked jurisdiction to consider the motion at that point in the proceedings. In essence, any procedural problems in the way this motion was submitted were eclipsed by the timing of the motion. For the above reasons, Petitioner has not shown that she was prejudiced by her trial counsel's performance under *Strickland* and the Court need not inquire further. Accordingly, the Court DENIES Claims One and Two.

   *2. Claim 3: Trial Counsel was Ineffective in Failing to Request Petitioner's participation in the BOP Federal Drug Treatment Program prior to Sentencing or filing the Appeal*

Petitioner's third claim asserts that her sentence must be vacated because trial counsel failed to request that the Court recommend Petitioner for the BOP 500 Hour Drug Treatment Program before the sentencing hearing or the filing of Petitioner's appeal. The Court denied Petitioner's BOP Motion after finding that it lacked jurisdiction to amend its prior judgment since the request was not a motion under Federal Rule of Criminal Procedure 35(a). *See* Fed. R. App. P. 4(b)(5). In doing so, the Court noted that trial counsel appeared to have simply failed to address this issue prior to sentencing, and Petitioner accordingly argues that "[i]n this one Order alone, the ineffective assistance of counsel and consequential prejudice to the Petitioner is proven." (§ 2255 Motion 6.) Petitioner claims that she was prejudiced because her counsel's failure to raise the issue prior to sentencing or filing an appeal "robbed the Petitioner of the ability to participate in the drug treatment program." (§ 2255 Motion 6.)

However, this claim of ineffective assistance of counsel must fail because Petitioner cannot show that she was prejudiced by her attorney's conduct under *Strickland*. Petitioner can demonstrate that she was prejudiced under *Strickland* only if she can show that "her counsel's unprofessional errors resulted in an unfair or unreliable proceeding." *Jones v.*

9

*United States*, 7:08-CR-105-01-F, 7:10-CV-22-F, 2010 U.S. Dist. LEXIS 113482, at *11 (E.D. N.C. Oct. 25, 2010)(citing *Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993)). "Unreliability or unfairness of a result does not occur if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles her." *Jones*, 2010 U.S. Dist. LEXIS 113482, at *11. *See Lockhart*, 506 U.S. at 372. In this case, Petitioner cannot establish that she was prejudiced by her counsel's conduct because it "is well-established that an inmate is not entitled to participate in rehabilitative programs during incarceration." *Jones*, 2010 U.S. Dist. LEXIS 113482, at *14-15. Therefore, Petitioner has no statutory or constitutional right to participate in the BOP Drug Treatment Program. *See Jones*, 2010 U.S. Dist. LEXIS 113482, at *15. Thus, trial counsel's failure to address the issue earlier cannot have prejudiced Petitioner under *Strickland*. For this reason, the Court DENIES Claim Three.

   3. *Claim 4: Trial Counsel was Ineffective in Stipulating to Firearms and Not Limiting the Quantity of Drugs Considered in the Presentence Report*

Petitioner's fourth claim asserts that trial counsel was ineffective during the plea negotiations because counsel failed to minimize Petitioner's exposure to criminal liability. Specifically, Petitioner first objects to the fact that trial counsel stipulated in the Statement of Facts that law enforcement recovered several firearms during the search of Petitioner's home. Petitioner also argues that her trial counsel failed "to limit the quantity of drugs to be included in the Presentence Report calculations." (§ 2255 Motion 10.)

However, Petitioner's claim that her attorney performed deficiently in stipulating to the firearms must fail both because it is not supported by the record and also because Petitioner has failed to satisfy either prong of *Strickland*. While Petitioner contends that her counsel stipulated to the firearms and exposed Petitioner to the two point enhancement for

10

possession of a dangerous weapon, the Statement of Facts reads merely as a stipulation that firearms were found in Petitioner's home, and not as a stipulation that Petitioner actually possessed the weapons. (*See* Statement of Facts, ECF No. 23.) In fact, Petitioner's counsel made this very argument in her first objection to the PSR, and asserts that Petitioner "has consistently maintained that she was unaware of the existence of firearms in her home until officers found them." (*See* Objection to PSR, ECF No. 28.) Accordingly, Petitioner has not satisfied the first *Strickland* prong by establishing that her attorney's performance was deficient.

Further, the parties argued at sentencing whether or not the firearms enhancement should apply, thus trial counsel's stipulation was clearly not taken as conclusive proof that Petitioner actually possessed the weapons. (*See* Sentencing Tr. 135:24-38:21; 142.) Therefore, even if Petitioner's counsel had committed error in her stipulation regarding the recovery of firearms from Petitioner's home, Petitioner has not shown that she was prejudiced as a result. Thus, Petitioner's claim also fails on the second *Strickland* prong.

Petitioner's claim that her counsel was ineffective in failing to limit the quantity of drugs considered in the PSR calculations must also fail because Petitioner has not shown that her counsel performed deficiently. In evaluating an attorney's performance under the first prong of *Strickland*, the Court must consider "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Assuming that trial counsel failed to limit the drug quantity considered in the PSR calculations, this omission alone does not rise to the level of incompetent assistance given that counsel had the opportunity to, and in fact did, file a timely objection to the relevant drug weight and argue the drug quantity at the sentencing

hearing. While it might have benefitted Petitioner if her counsel had somehow been able to persuade the Probation Officer to calculate the drug weights differently prior to filing the PSR, it is certainly not outside of the wide range of professionally competent assistance for counsel to reserve their objections to the Probation Officer's drug weight calculations until after these calculations are actually revealed in the PSR. Accordingly, Petitioner has not shown that her attorney performed deficiently with regards to the drug weights used in the PSR. For the above reasons, the Court DENIES Claim Four.

    4. *Claims 5, 6, and 7: Trial Counsel was Ineffective in Failing to Properly Object to the PSR*

Petitioner's fifth, sixth and seventh claims assert that trial counsel was ineffective in objecting to the PSR because counsel was not present at the PSR interview, did not notify the Probation Officer or the Court of Petitioner's objections before the PSR was filed, and did not cite case law in Petitioner's first objections to the PSR. Petitioner first argues that if her trial counsel had been present at the Probation Officer's interview in preparing the PSR ("PSR Interview"), counsel could have objected to questions regarding criminal activity beyond the conduct that Petitioner specifically pled guilty to. Petitioner argues that her answers to questions involving "a date range far outside the charges she faced, the statement of facts, and the relevant conduct of the offense" resulted in the denial of three points for Acceptance of Responsibility. (*See* § 2255 Motion 11.) Petitioner further argues that, in contrast with trial counsel's representations to Petitioner by an April 9, 2010 letter, counsel failed to notify the Probation Officer or the Court of Petitioner's objections to the PSR before the PSR was filed on March 2, 2010. Lastly, Petitioner maintains that trial counsel's first objections regarding the drug weight and firearms enhancement failed to cite any applicable case law.

Each of Petitioner's claims of ineffective assistance of counsel with respect to her attorney's objections to the PSR must fail. Firstly, although Petitioner asserts that her attorney was ineffective in not attending the PSR interview, Petitioner has not satisfied either of the *Strickland* prongs. Petitioner cites no authority for the proposition that it was outside the range of reasonable professional assistance for her attorney to not attend the PSR interview, or that counsel could have objected to the questions asked if she had attended. Further, Petitioner was denied an Acceptance of Responsibility reduction after a Special Agent with the Drug Enforcement Administration testified at sentencing that Petitioner failed a polygraph examination when she denied any involvement in the sale, distribution, or manufacture of cocaine. (*See* Sentencing Tr. 4:1-22:14.) Petitioner suggests that if trial counsel had attended the interview and objected to these questions, Petitioner would not have been made to answer and would have received the Acceptance of Responsibility reduction. However, Petitioner had a responsibility to be truthful during the interview regardless of which questions were asked, and the fact that she might have avoided answering some questions had her attorney been present does not render her attorney's absence a deficiency under *Strickland*. In other words, Petitioner was denied the reduction because she was asked about her past activities involving cocaine and she was untruthful, not simply because she was asked the question.[3] Petitioner has therefore failed to establish that her attorney performed deficiently in failing to attend the PSR interview and that Petitioner was prejudiced as a result.

Secondly, Petitioner's claim that her attorney was ineffective in failing to notify the

---

[3] The record clearly demonstrates that the Court would have been amenable to granting the reduction if Petitioner had not been dishonest regarding her past with cocaine. (*See* Sentencing Tr. 146:2-23.)

13

Probation Officer or the Court of Petitioner's objections to the PSR prior to the filing of the PSR similarly fails on both *Strickland* prongs. Petitioner provides no support for the claim that it was professionally unreasonable for counsel to not give the Probation Officer or Court advance notice of her objections to the PSR,[4] and Petitioner has certainly not pointed to any resulting prejudice.

Lastly, Petitioner's claim that counsel was ineffective in filing an objection to the PSR that did not cite case law fails for the same reasons that her first two claims of ineffective assistance of counsel fail. Even though Petitioner's first objections to the PSR lacked support from specific case law, Petitioner cannot have been prejudiced by this deficiency because the Court heard oral argument on these very objections, and thus, Petitioner had ample opportunity to supplement the written objections with case law. For these reasons, Petitioner has failed to establish that trial counsel was ineffective in objecting to the PSR. Therefore, the Court DENIES claims Five, Six, and Seven.

5. *Claim 8: Trial Counsel was Ineffective in Failing to Advise Petitioner of her Right to Testify at Sentencing*

Petitioner's eighth claim asserts that her sentence must be vacated because trial counsel failed to inform Petitioner of her right to testify at sentencing. Petitioner claims that she was prejudiced as a result because she may have been able to persuade the Court to grant a reduction for Acceptance of Responsibility if she had testified regarding her "personal acceptance of responsibility and . . . remorse for her actions." (§2255 Motion 11.)

A defendant's trial counsel is responsible for counseling the defendant as to her right to testify and any "tactical implications of doing so[.]" *Sexton v. French*, 163 F.3d 874,

---

[4] Indeed, since the Court cannot consider a PSR that has yet to be filed, it would have been pointless for counsel to notify the Court that she objected to a PSR which had not yet been filed.

14

882 (4th Cir. 1998); *see Gregory v. United States*, 109 F.Supp.2d 441, 448 (4th Cir. 2000). "[T]o prove ineffective assistance of counsel based on his claim that his attorney prevented him from exercising his right to testify . . . [a petitioner] must show both that his attorney violated his right to testify and that his testimony had a 'reasonable probability' of changing the outcome." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007).

While Petitioner has set forth merely a conclusory statement that her attorney did not advise her of her right to testify at sentencing, the Court need not evaluate the first prong of *Strickland* because Petitioner has failed to demonstrate that she was prejudiced by her attorney's performance. A review of the sentencing transcript reveals that the Court expressly asked Petitioner at the sentencing hearing if she had anything to say and that Petitioner declined. (Sentencing Tr. 148:17-20.) Thus, even if Petitioner's counsel did not advise Petitioner of her right to testify, Petitioner was clearly aware of her right to speak on her own behalf before being sentenced.

Moreover, Petitioner merely speculates that her testimony at sentencing regarding her personal acceptance of responsibility and remorse would have had a reasonable probability of changing the outcome. However, the Court emphasized at sentencing that Petitioner not only failed the polygraph exam, but she also gave a statement affirming that she had been dishonest regarding her involvement with cocaine. (*See* Sentencing Tr. 146:8-15.) While the Court noted that the guidelines were otherwise likely to be excessive, after reflecting on Petitioner's dishonesty, the Court concluded that "there is no way in the world that the Court can rationally say that the defendant has lived up to her responsibilities . . . It would be ridiculous and it would be intellectually dishonest if [the Court] were to allow [the three point reduction]." (Sentencing Tr. 146:2-7; 16-23.) Given these facts, Petitioner

15

cannot show that she was prejudiced by her attorney's performance regarding her right to testify at sentencing. The Court thus DENIES Claim Eight.

> 6. *Claim 9: Trial Counsel was Ineffective in Failing to Properly Calculate the Applicable Mandatory Minimums or Sentencing Guidelines Range*

Petitioner's final claim is that her sentence must be vacated because trial counsel failed to accurately calculate the mandatory minimum sentences or the sentencing guideline ranges which Petitioner could face at sentencing. Petitioner first asserts that her trial counsel gave her erroneous advice on the probable effects of going to trial by telling Petitioner that she faced a mandatory minimum of forty (40) years if she proceeded with trial. Petitioner argues, on the contrary, that "[u]nder no possible calculation of the guidelines or reading of the United States Code would [Petitioner] have faced a greater mandatory minimum sentence than 15 years." (§ 2255 Motion 12.) Petitioner claims that "[w]hen presented with a potential mandatory minimum of 40 years instead of the actual possibility of 15 years, the Petitioner was deprived of competent advice and representation to decide whether to go forward to trial or take the plea offer." (§ 2255 Motion 13.)

Petitioner further argues that trial counsel was ineffective in advising her of the likely outcome of a plea bargain. Petitioner contends that the guideline range provided by trial counsel of 36-60 months was "clearly incorrect and grossly underestimated [Petitioner's] potential exposure [to imprisonment]." (§ 2255 Motion 13.) In addition, Petitioner claims that her trial counsel "never explained to the Petitioner the increase in the guidelines for the gun enhancement, and the possible range of factors that are utilized in calculating the drug weight and their impact on the guidelines." (§ 2255 Motion 13.) Petitioner argues instead that if she had been granted a reduction for Acceptance of Responsibility, the guidelines range would have been 57 to 71 months if 1 kilogram of

16

cocaine were the applicable drug quantity (as alleged in the affidavit filed with the criminal complaint) or 121 to 151 months if 5 kilograms was the applicable drug quantity (as charged in the Superseding Indictment for Count One). Accordingly, Petitioner claims that the guideline range of 36 to 60 months purportedly provided by trial counsel was a gross miscalculation, without which, Petitioner would have proceeded to trial rather than pled guilty. As a result of pleading guilty, Petitioner waived her right to a jury trial and her right to appeal the conviction and sentence.

Both of Petitioner's claims that trial counsel was ineffective in advising Petitioner of the likely outcome of a trial or plea bargain must fail. Firstly, Petitioner has not established that her trial counsel performed deficiently in advising Petitioner of the probable effects of going to trial. Petitioner claims that her attorney erroneously told Petitioner that she would face a mandatory minimum of forty (40) years if she proceeded with trial, but an examination of the Superseding Indictment reveals that this calculation was, in fact, correct.[5] Accordingly, Petitioner has not satisfied the first prong of *Strickland* as to trial counsel's advice concerning the mandatory minimums if Petitioner were convicted at trial.

Secondly, even if trial counsel misinformed Petitioner as to the likely sentence or guideline range that Petitioner would face, "[i]t is well established that the miscalculation

---

[5] Pursuant to the Superseding Indictment, Petitioner faced the following sentences if convicted: 10 years to life for Count One, *see* 21 U.S.C. §§ 846, 841(a)(1); 10 years to life for Count Two, *see* 21 U.S.C. § 841, 18 U.S.C. § 2; 20 years maximum for Count Three, *see* 21 U.S.C. § 856; and 30 years minimum for Count Four, *see* 18 U.S.C. §§ 924(c)(1)(B)(ii) and (2). Notably, the 30-year mandatory minimum for Count Four stems from a 5-year mandatory minimum for the Glock 31 .357 caliber handgun, 10-year mandatory minimum for the SKS assault rifle, and 30-year mandatory minimum for the Mac-10 Machine Gun, *see* 18 U.S.C. §§ 924(c)(1)(A)(i) and (B)(i)-(ii). Even if the sentences for each firearm under Count Four ran concurrently with one another, these mandatory sentences under Count Four were required to run consecutively to the sentences for Counts One to Three, resulting in a total mandatory minimum of forty (40) years. *See* 18 U.S.C. § 924(c)(1)(D)(ii).

17

or erroneous sentence[ ] estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Smith v. United States*, 1:08CV138, 1:03CR39-09, 2010 U.S. Dist. LEXIS 79750, at *8 (N.D. W. Va. Aug. 6, 2010)(citing *Hughes v. United States*, 1:05CV57, 1:02CR45-8, 2007 U.S. Dist. LEXIS 19416, at *4 (W.D. N.C. Mar. 19, 2007)(internal quotations omitted). *See McMann v. Richardson*, 397 U.S. 759, 770 (1970)("[A] decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts"); *United States v. Lambey*, 974 F.2d 1389, 1395-96 (4th Cir. 1992) (rejecting ineffective assistance claim by defendant sentenced to 360 months imprisonment after he pled guilty based on counsel's assurance that he faced a guidelines range of 78 to 108 months); *see also* United *States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Accordingly, Petitioner cannot show that counsel's advice regarding the sentencing guideline range was deficient under *Strickland*. For the above reasons, the Court DENIES Claim Nine.

### B. MOTION FOR AN EVIDENTIARY HEARING

The Court denies Petitioner's Motion for an evidentiary hearing. An evidentiary hearing is typically required under § 2255 unless the pleadings, files, and records conclusively show that a movant is not entitled to relief. *United States v. Witherspoon,* 231 F.3d 923, 925–27 (4th Cir. 2000); *Raines v. United States,* 423 F.2d 526, 529–30 (4th Cir. 1970). The district court must hold an evidentiary hearing when the movant "presents a colorable . . . claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue." *Witherspoon*, 231 F.3d at 925–27.

Whether an evidentiary hearing is necessary is within the discretion of the district court. *Raines,* 423 F.2d at 530.

Petitioner requests an evidentiary hearing, but as seen above, there are no disputed facts which are necessary to resolve the legal issues in this case. Petitioner's challenges to the sufficiency of the pleadings, briefs, and Stipulation of Facts filed by trial counsel on Petitioner's behalf are fully resolved by an examination of the record. Further, Petitioner's counsel does not contest the fact that she was not present at Petitioner's interview with the Probation Officer or that she advised Petitioner that Petitioner would face a mandatory minimum of thirty (30) years if convicted of Count Four. For Petitioner's remaining claims against her trial counsel, there are no facts in dispute which would alter the Court's conclusions. It is therefore clear from the pleadings, file, and record that Petitioner is not entitled to relief. The Court thus DENIES Petitioner's Motion for an evidentiary hearing.

## IV. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, to satisfy § 2253(c) the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). For the reasons stated fully above, no law or evidence suggests that Petitioner has satisfied § 2253(c) such that she is entitled to further consideration of

her claims. Accordingly, the Court DENIES a Certificate of Appealability.

## V. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion and Request for an Evidentiary Hearing are DENIED. A Certificate of Appealability is also DENIED.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate order shall issue.

>  _____/s/_____
>  James R. Spencer
>  United States District Judge

ENTERED this __8th__ day of January 2013.